**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-61211-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**YU ZHUO,**

　　　**Petitioner,**

**v.**

**WARDEN, BROWARD**
**TRANSITIONAL CENTER,** *et al.***,**

　　　**Respondents.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

　　　This cause comes before the Court on Petitioner Yu Zhuo's Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 4. The Court ordered Respondents to show cause why Petitioner's Petition should not be granted, and Respondents filed a response to the Court's Order to show cause. DE 6. Petitioner filed a reply. DE 7. Having carefully considered the briefing and being otherwise fully advised, the Court **RECOMMENDS DENYING** the Petition [DE 1].

**I. Background**

　　　Petitioner is a native and citizen of China who entered the United States on March 5, 1994. DE 1 at 5. On August 13, 1995, an Order to Show Cause and Notice of Hearing was issued for Petitioner. DE 6-3. That Order asserted that Petitioner was subject to removal pursuant to section 241(a)(1)(A) of the Immigration and Nationality Act. *Id.* An Immigration Judge later ordered

Petitioner's removal to China on January 23, 1996. DE 6-4. Petitioner appealed that removal order, and the Board of Immigration Appeals ("BIA") denied Petitioner's appeal. DE 6-6.

Thereafter, a Warrant of Removal/Deportation issued for Petitioner, notifying immigration officers that Petitioner was subject to removal from the United States based on a final order by the BIA. DE 6-7. Petitioner was arrested on December 8, 2010, and taken into immigration custody. DE 6-9. While Petitioner was in custody, he failed to complete the forms necessary for him to obtain travel documents from China, and thus China did not provide travel documents for Petitioner. DE 6-5 ¶¶ 12–14. Petitioner finally cooperated with completing his travel document requests on January 24, 2012, and Petitioner was subsequently released on April 2, 2012. *Id.* ¶¶ 15, 16.

After Immigration and Customs Enforcement ("ICE") received travel documents for Petitioner, Petitioner was taken into custody to effectuate his removal. *Id.* ¶ 18. However, Petitioner was not removed because he failed to board the departing airplane. *Id.* ¶ 20. Petitioner failed to board a departing airplane on two more occasions after receiving travel documents from China. *Id.* ¶¶ 23, 25. Petitioner was subsequently indicted for failure to depart, but the United States later moved to dismiss the indictment without prejudice. DE 6-12. The United States dismissed the indictment so that ICE could remove Petitioner on a charter flight, but the charter flight did not depart as intended. DE 6-5 ¶¶ 27, 28.

Eventually, on December 2, 2014, Petitioner was released from immigration custody pursuant to an Order of Release on Supervision. DE 6-13. Petitioner remained out on supervised release until he was arrested and detained on August 22, 2025, after appearing for one of his check-ins. DE 6-14. Petitioner moved for a bond, and an Immigration Judge denied Petitioner's bond request for two reasons: (1) a lack of jurisdiction due to Petitioner's status as "an applicant for

admission (arriving alien)," and (2) a finding that Petitioner was not a suitable bail risk because he has been under a final order of removal since 1996 and has a pending motion to reopen. DE 6-16. In response, Petitioner filed the present Petition for Writ of Habeas Corpus, seeking either his immediate release or a bond hearing within seven days. DE 1.

## II. Jurisdiction

As an initial matter, Respondents maintain that this Court lacks jurisdiction to hear Petitioner's claims on account of 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)(ii). As this Court has explained before, 8 U.S.C. § 1252(g) does not divest the Court of jurisdiction to hear a noncitizen's claims regarding the legality of his or her detention. *See Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *2 (S.D. Fla. Dec. 23, 2025) ("This Court, like countless other courts in this District and around the country, concludes that a challenge to the legality of a non-citizen's detention does not fall under the ambit of any of the three covered actions in 8 U.S.C.§ 1252(g)"), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026). The same holds true for 8 U.S.C. § 1252(a)(2)(B)(ii), which only bars review of the discretionary acts and decisions of the Attorney General. *See, e.g.*, *Soumare v. Jamison*, No. CV 25-6490, 2025 WL 3461542, at *2 (E.D. Pa. Dec. 2, 2025) ("[T]he respondents' statutory detention power is not a matter of discretion to which § 1252(a)(2)(B)(ii) applies." (quotation marks omitted)); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("The aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather, they challenge the extent of the Attorney General's authority under the post-removal-period detention statute. And the extent of that authority is not a matter of discretion."). The Court has jurisdiction to hear Petitioner's claims.

### III. Analysis

8 U.S.C. § 1231 governs the detention and removal of noncitizens ordered removed. It provides that, when a noncitizen is ordered removed, the noncitizen shall be removed within a period of ninety days. 8 U.S.C. § 1231(a)(1)(A). During this ninety-day period, the non-citizen is required to be detained. *Id.* § 1231(a)(2)(A). However, if the noncitizen is not removed during the ninety-day removal period, there are two options: continued detention or release of the noncitizen on supervision. *Id.* § 1231(a)(6). In *Zadvydas*, the Supreme Court read a limitation into 8 U.S.C. § 1231(a)(6), establishing a presumption that, for the first six months of detention, the detention is presumptively reasonable. 533 U.S. at 701. If the noncitizen's detention extends beyond the presumptively reasonable six-month period, then the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the noncitizen can meet this burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.* If the noncitizen cannot meet his or her burden, or if the Government can produce sufficient rebuttal evidence, the noncitizen "may be held in confinement" until a determination is made that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Petitioner has been detained since August 22, 2025. DE 6-10. At the time he filed his Petition, a little over eight months had elapsed. *See* DE 1 (filed April 24, 2026). Therefore, the presumptively reasonable six-month period for Petitioner's detention has expired, and Petitioner bears the initial burden to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. To attempt to meet this burden, Petitioner explains that his removal depends on the issuance of travel documents from the Chinese government and that no travel documents have been issued thus far. *Id.* at 14. As a result, Petitioner

maintains that there "is no concrete evidence that removal to the People's Republic of China is imminent, likely, or even reasonably achievable within a foreseeable time frame." *Id.* In response, Respondents contend that ICE submitted the request for travel documents in September 26, 2025, and that verification of Petitioner's identity is currently pending with the Chinese immigration officials. DE 6 at 11. And once Petitioner's identity is confirmed, China will issue travel documents for Petitioner, as China already did on numerous occasions before. *Id.*

Given that the only apparent barrier to Petitioner's removal is the issuance of travel documents from China, Petitioner has failed to provide good reason to believe that there is no significant of likelihood of removal in the reasonably foreseeable future. *See Linton v. Holder*, No. 10-20145-CIV, 2010 WL 4810842, at *4 (S.D. Fla. Oct. 4, 2010) ("The Respondent correctly notes that the Courts have held that a delay in issuance of travel documents does not, without more, establish that a petitioner's removal will not occur in the reasonably foreseeable future, even where the detention extends beyond the presumptive 180 day (6 month) presumptively reasonable period."), *report and recommendation adopted*, No. 10-20145-CIV, 2010 WL 4810651 (S.D. Fla. Nov. 19, 2010); *Shaikh v. Meade*, No. 21-CV-23752, 2022 WL 844420, at *4 (S.D. Fla. Mar. 22, 2022) ("Petitioner's claims regarding the ten (10) month delay and Respondents' inability to secure travel documents thus far, while unfortunate, do not satisfy Petitioner's burden of establishing a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (ruling that the failure to presently obtain travel documents and an uncertain status about when the travel documents will issue was not sufficient to establish no significant likelihood of removal in the foreseeable future, especially given that the petitioner did not allege "institutional barriers to the repatriation of aliens" in his home country). Accordingly, Petitioner's continued detention under

8 U.S.C. § 1231(a)(6) without a bond hearing is not unlawful.[1] *See Zadvydas*, 533 U.S. at 682 (explaining that 8 U.S.C. § 1231(a)(6) authorizes the further detention of a noncitizen subject to a final removal order after the expiration of the ninety-day removal period); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022) ("The issue in this case is whether the text of § 1231(a)(6) requires the Government to offer detained noncitizens bond hearings after six months of detention . . . . It does not."). For these reasons, the Court **RECOMMENDS DENYING** the Petition [DE 1].

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), the circumstances of this matter warrant a shorter objection period. Within **seven (7) days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of May, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not address Petitioner's argument that the Immigration Judge wrongly classified him as an arriving alien when denying Petitioner a bond. DE 1 at 12–13. Ultimately, this classification is immaterial as to whether Petitioner can continue to be detained pursuant to 8 U.S.C. § 1231(a)(6) as a noncitizen subject to a final order of removal.