**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-61211-CV-MIDDLEBROOKS

YU ZHUO,

      Plaintiff,

v.

WARDEN, Krome North
Service Processing Center,
et al.,

      Defendants.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND DENYING TEMPORARY RESTRAINING ORDER

THIS CAUSE comes before the Court on Magistrate Judge Augustin-Birch's Report and Recommendations ("Report"), issued on May 12, 2026. (DE 8) and Petitioner's Motion for a Temporary Restraining Order (DE 11).

I turn to the Report first. The Report recommends denying Petitioner Yu Zhuo's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (*Id.*). Petitioner filed objections to the Report on May 19, 2026. (DE 9). Respondent filed a response to the objections on June 17, 2026. (DE 13).

I have conducted a de novo review of the Report, the parties' objections and responses, the governing statutory and case law, and the record as a whole. I agree with the Report's conclusion that 8 U.S.C. § 1231(a)(6) does not require the Government to provide bond hearings after six months of detention. I also agree with the Report's conclusion that Petitioner did not satisfy his initial burden under *Zadvydas v. Davis*, 533 U.S. 678 (2001). To meet that burden, once six months

of post-order detention have elapsed, Petitioner was required to present "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The Report correctly determined that Petitioner's submissions fell short of that standard.

Moreover, even if Petitioner had met his initial burden, the Government has now produced dispositive rebuttal evidence demonstrating that removal is significantly likely in the reasonably foreseeable future. The record reflects that the People's Republic of China issued a travel document for Petitioner on June 9, 2026, and that ICE has both scheduled Petitioner's removal and affirmed its intent to execute that removal. These post-Report developments independently confirm that Petitioner's continued detention is lawful under § 1231(a)(6) because they establish a concrete and imminent prospect of removal. For all these reasons, I adopt Magistrate Judge Augustin-Birch's conclusion that the Petition must be denied.

Based upon the denial of the habeas petition, and my conclusion that Petitioner's detention is lawful under § 1231(a)(6), Petitioner cannot satisfy the first requirement for a temporary restraining order: a substantial likelihood of success on the merits. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). Accordingly, the TRO must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Objections to the Magistrate's Report (DE 9) are **OVERRULED**.

(2) Magistrate Judge Augustin-Birch's Report (DE 8) is hereby **ADOPTED**.

(3) Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (DE 1) is **DENIED.**

(4) Petitioner's Motion for a Temporary Restraining Order (DE 11) is **DENIED.**

(5) The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record